UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARCENIA TAYLOR,<br><br>   Plaintiff,<br><br>   v.<br><br>REBECCA BLANK<br>Secretary of United States Dep't of Commerce,<br><br>   Defendants. | Case No.: 1:12-cv-01931 - AWI - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

Larcenia Taylor ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action for a violation of Title VII by the United States Department of Commerce ("Defendant"). Plaintiff initiated this action by filing her complaint and a motion to proceed *in forma pauperis* on November 28, 2012. For the following reasons, Plaintiff's complaint is **DISMISSED** with leave to amend.

**I.    Motion to proceed in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed the applications and has determined Plaintiff's affidavit satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

///

## II.   Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.   Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A complaint must give a defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid."  28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim."  *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).  However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.     Plaintiff's Allegations

Plaintiff alleges that she was employed as a "partnership assistant" by the United States Department of Commerce in Bakersfield, California, beginning July 2009.  (Doc. 1 at 1, 5).  Plaintiff asserts her supervisors, Daniel Romero and Reyna Olaguez, treated her in a discriminatory manner and "would not give her leads like they did the Hispanic Partnership Assistants."  *Id.* at 2.  She contends:

> Mr. Romero called her a disruption because she complained to him about the differential treatment…. [H]e told her to stop talking about the discrimination or she would be terminated, he told her she was a[n] at will employee and he could fire her for no reason, [and] he told her to stop writing for the local newspaper because while working for the Census she had no opinion.

*Id.* at 2.  According to Plaintiff, her supervisors ignored the black community because "Mr. Romero and Ms. Olaguez only promoted Hispanic events and made sure the black community did not receive the proper promotion of census networking and media coverage."  *Id.*

She contends Hispanic applicants and employees were treated "more favorable than Blacks." (Doc. 1 at 2).  Plaintiff asserts she "was the only Black Partnership Assistant for 8 months because

they refused to hire Black applicants," and another Black applicant was not hired until "2 months before their jobs ended." *Id.*  Also, Plaintiff reports she "never received training like the other [partnership assistants]." *Id.* at 5.  Plaintiff believes "the discrimination she received was intentional and the defendants willfully knew what they were doing." *Id.* at 4. Plaintiff resigned from the Department of Commerce in April 2010, and asserts her "resignation was directly related to the discrimination by the defendants." *Id.* at 3-4.

**V.     Discussion and Analysis**

Under Title VII, a federal employee is entitled to work in an environment that is free "from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-16(a). Specifically, Title VII provides that it is "an unlawful employment practice" for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1); *see also McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004). Where direct proof of discriminatory intent is not raise, a plaintiff must allege "circumstances which give rise to an *inference* of unlawful discrimination." *Id.* (emphasis added). *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Here, Plaintiff asserts Defendant's conduct was "a violation of Title VII of the Civil Rights Act of 1964 with emphasis on Disparate Treatment." (Doc. 1 at 4).  The elements of a claim for disparate treatment are (1) membership of the plaintiff in a protected class; (2) satisfaction by the plaintiff of the qualifications for the position in issue; (3) an adverse employment action; and (4) more favorable treatment of similarly situated individuals outside the plaintiff's protected class. *See Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054, 1062 (9th Cir. 2002).

Plaintiff asserts she is a member of a protected class, and appears to have been qualified for the partnership assistant position for which she was hired.  In addition, Plaintiff has alleged Hispanics were treated more favorably than she.  However, Plaintiff does not assert she suffered an adverse employment action by Daniel Romero and Reyna Olaguez.  Although Plaintiff asserts she was not trained in the same manner as Hispanic partnership assistants, she has not alleged the lack of training "materially affect[ed] the compensation, terms, conditions, or privileges of employment." *Davis v.*

*Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008).  Therefore Plaintiff fails to allege she suffered an adverse employment action.  *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) ("only non-trivial employment actions" such as "termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion" qualify as adverse employment action).  Consequently, Plaintiff has failed to state a cognizable claim for disparate treatment.

### VI.     Conclusion and Order

Plaintiff has failed to state a cognizable claim for disparate treatment in violation of Title VII. Plaintiff will be granted leave to amend the complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"); *see also Lopez v Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000). Plaintiff failed comply with Rule 8(a) and (d) of the Federal Rules of Civil Procedure, which require "a **short and plain statement** of the claim showing that the pleader is entitled to relief" and each allegation to "be **simple, concise, and direct**." (emphasis added).

Plaintiff's complaint, which nearly fifty pages of exhibits, does not satisfy these requirements. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming district court's dismissal of the complaint for violation of Rule 8 and failure to comply with court orders); *see also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (addressing dismissals for overly lengthy complaints and observing that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations").  The incorporation of exhibits and presentation of evidence is not necessary at the pleading stage.  Accordingly, Plaintiff is instructed to comply with Rule 8 when filing an amended complaint and that her amended complaint SHALL NOT exceed 20 pages.

The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint."  Plaintiff is advised that an amended complaint supersedes all previously filed complaints.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  In addition, the amended complaint must be "complete in

itself without reference to the prior or superseded pleading." Local Rule 220. Thus, once Plaintiff files a First Amended Complaint, the original complaint no longer serves any function in the case. Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord. Forsyth*, 114 F.3d at 1474.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED with leave to amend**;
2. Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file an amended complaint curing the deficiencies identified by the Court in this order; and
3. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **January 7, 2013**                   **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE