UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARCENIA TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>REBECCA BLANK<br>Secretary of United States Dep't of Commerce,<br><br>    Defendant. | Case No.: 1:12-cv-01931 - AWI - JLT<br><br>ORDER FINDING PLAINTIFF HAS ALLEGED A COGNIZABLE CLAIM AND DIRECTING THE CLERK TO PROVIDE SERVICE DOCUMENTS<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING CERTAIN CLAIMS |

Larcenia Taylor ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with this action, alleging discrimination by the United States Department of Commerce ("Defendant"). Plaintiff initiated this action by filing her complaint and a motion to proceed *in forma pauperis* on November 28, 2012. The Court screened Plaintiff's complaint, and dismissed it with leave to amend on January 7, 2013. (Doc. 3). Plaintiff filed her First Amended Complaint on January 25, 2013. (Doc. 5).

For the following reasons, the Court finds Plaintiff has stated a cognizable claim in her First Amended Complaint. However, Plaintiff fails to state claims for a violation of 42 U.S.C. 1981 and the First Amendment. Accordingly, the Court recommends these claims be **DISMISSED**.

**I.      Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails

to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A complaint must give a defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should

assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.   Factual Allegations

Plaintiff alleges that she was employed as a "Partnership Assistant" by the Department of Commerce in Bakersfield, California, beginning July 2009. (Doc. 4 at 1, 7). According to Plaintiff, she was a part of a team of five Partnership Assistants, which included four Hispanics and herself. *Id.* at 2. Daniel Romero was the team supervisor, and Plaintiff contends he treated her differently than the other team members "by not giving her leads like he did the Hispanic Partnership Assistants." *Id.* at 2, 8. In addition, Mr. Romero told Plaintiff "she could not write for the local newspaper because as a census worker you have no opinion." *Id.* at 8.

According to Plaintiff, she asked for a transfer in November 2009 because "they wanted her to fail because of her race," which Mr. Romero refused, saying Plaintiff could either resign or he could let her go. (Doc. 4 at 2, 8). Also, Plaintiff alleges Mr. Romero said: "[I]f you don't stop talking about discrimination I will have to fire you," and Plaintiff could be let go "for no reason" because she was an at-will employee. *Id.* at 2. Plaintiff asserts she asked Mr. Romero "to hire another black Partnership Assistant to help with the black community," and "[h]e said no." *Id.* at 3. In response, Plaintiff requested a meeting with John Flores, the Director of the Census for Fresno and Kern Counties, but Mr. Romero informed her that Mr. Flores had "given . . . the okay to fire [Plaintiff]."

In addition, Plaintiff asserts another Partnership Specialist, Reyna Olaguez, treated her differently than Hispanic team members. (Doc. 4 at 2-3). Plaintiff explained that one of Ms. Olaguez' team members reported having too many partners, and Plaintiff requested that she be able to have them.

*Id.* at 2. However, Ms. Olaguez told her: "you can't have hers you have to earn your own." *Id.* Plaintiff contends she "was consistently struggling to get partners and no one cared." *Id.* In addition, Ms. Olaguez re-hired a former team member, who was Hispanic. *Id.* According to Plaintiff, both Ms. Olaguez and Mr. Romero "practiced preferential hiring of Hispanics." *Id.* at 11.

Plaintiff reports that she received a call in February 2010 from Ray Johnson, a Partnership Specialist in Fresno, California. (Doc. 4 at 5). She reports that she talked to Mr. Johnson about the discrimination, and "told Mr. Johnson that the Partnership Specialist[s] in Bakersfield didn't support the black community, didn't give plaintiff leads like they did the Hispanics, didn't give plaintiff enough census promotional material for events and that [Romero] didn't allow the plaintiff to infiltrate the public schools like the Hispanic Partnership Assistants." *Id.* In March 2010, Plaintiff was transferred to work with Mr. Johnson in Fresno, where Plaintiff "felt relieved and less stressed." *Id.*

According to Plaintiff, after attending a job fair where the only workers at the Census booth were Hispanic, she resigned from her position in April 2010 "[a]s a result of the defendant(s) alleged unlawful and discriminatory behavior and violation of her civil rights that are protected by federal law." (Doc. 4 at 6).

**IV.     Discussion and Analysis**

    **A.     Discrimination in violation of 42 U.S.C. § 1981**

Plaintiff asserts this action also arises out of "provisions of … 42 U.S.C. section 1981." (Doc. 4 at 10). Under Section 1981, all persons "shall have the same right . . . to make and enforce contracts." To prevail on a Section 1981 claim, a plaintiff must show (1) intent to discriminate based on race and (2) this discrimination interfered with the making and enforcing of contracts. *See Imagineering, Inc v. Kiewit Pacific Co.*, 976 F.2d 1303, 1313 (9th Cir. 1992); *Runyon v. McCrary*, 427 U.S. 160, 168 (1976) (explaining Section 1981 "prohibits racial discrimination in the making and enforcement of private contracts"). Here, Plaintiff has alleged that an act of discrimination interfered with her ability to make or enforce of a contract. Consequently, Plaintiff fails to state a cognizable claim for discrimination under Section 1981and this claim must be **DISMISSED**.

///

///

**B.      Discrimination in violation of Title VII**

Specifically, Title VII provides it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The Supreme Court determined this guarantees "the right to work in an environment free from discriminatory intimidation, ridicule, and insult." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986).

A plaintiff may show racial discrimination in violation of Title VII by alleging disparate treatment, or the existence of a hostile work environment. *Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1109 (9th Cir. 1991) (citing *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977); *Jordan v. Clark*, 847 F.2d 1368, 1373 (9th Cir. 1988); *EEOC v. Borden's, Inc.*, 724 F.2d 1390, 1392 (9th Cir. 1984)). Where direct proof of discriminatory intent is not raised, a plaintiff must allege "circumstances which give rise to an inference of unlawful discrimination." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Here, Plaintiff asserts the conduct of Mr. Romero was a violation of Title VII's prohibition of differential treatment on the basis of an employee's race. (Doc. 4 at 10). The elements of a claim for disparate treatment are (1) membership of the plaintiff in a protected class; (2) satisfaction by the plaintiff of the qualifications for the position in issue; (3) an adverse employment action; and (4) more favorable treatment of similarly situated individuals outside the plaintiff's protected class. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002).

Plaintiff asserts she is a member of a protected class, and appears to have been qualified for the position for which she was hired because she was required to take a test. In addition, Plaintiff alleges she was not given leads, not permitted to hold events at schools or other venues where members of the Black community would be, and not allowed to attend Census events. Notably, these actions appear to have "materially affect[ed] the compensation, terms, conditions, or privileges of employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). Further, Plaintiff has alleged her Hispanic co-workers were treated more favorably than she. Consequently, Plaintiff has stated a cognizable claim for disparate treatment. *See Villiarimo.*, 281 F.3d at 1062; *Davis*, 520 F.3d at 1089.

### C. Violation of the First Amendment

Plaintiff contends her First Amendment rights were violated when she was told she could not submit articles to the local newspaper while a Census employee. (Doc. 4 at 12). Specifically, Plaintiff alleges her "rights were denied by not allowing her to express herself through publication and dissemination." *Id.* Importantly, the amendments to the Constitution do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Rather, the Civil Service Reform Act of 1978 provides the exclusive remedy for federal employees whose First Amendment rights are violated by superiors. *Bush v. Lucas*, 462 U.S. 367, 385-86 (1983).

The Civil Service Reform Act ("CSRA") creates a "remedial scheme through which federal employees can challenge their supervisors' 'prohibited personnel practices.'" *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002) (quoting 5 U.S.C. § 2302). However, "the CSRA does not provide a private cause of action." *Wilborn v. Napolitano*, 2012 U.S. Dist. LEXIS 12392, at *16-17 (S.D. Cal. May 21, 2012) (citing *Elgin v. U. S. Dep't of the Treasury*, 641 F.3d 6, 9 (1st Cir. 2011)). Because the alleged violation of the First Amendment falls within the scope of "prohibited personnel practices," the administrative procedures proscribed by the CSRA are Plaintiff's only remedy. *Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2007). As a result, Plaintiffs claim for a violation of the First Amendment fails as a matter of law.

### V. Order for Service Documents

Plaintiff has stated a cognizable claim for discrimination in violation of Title VII in her First Amended Complaint. Accordingly, **IT IS HEREBY ORDERED**:

1. Service of Plaintiff's First Amended Complaint (Doc. 5) is appropriate for, and shall be initiated upon, Defendant Rebecca Blank;
2. The Clerk of Court is DIRECTED to send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the First Amended Complaint filed January 25, 2013;
3. Within twenty-one (21) days from the date of this order, Plaintiff **SHALL** complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

      a.      One completed summons for Defendant Rebecca Blank;

      b.      One completed USM-285 form for Defendant Rebecca Blank; and

      c.      Two copies of the First Amended Complaint filed January 25, 2013.

4. <u>Plaintiff is cautioned that failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Local Rule 110.</u>

## VI. Findings and Recommendations

As explained above, Plaintiff failed to allege facts supporting her claim that Defendant is liable for a violation of 42 U.S.C. § 1981.  In addition, her claim for a violation of the First Amendment fails as a matter of law.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's claim for a violation of 42 U.S.C. § 1981 be **DISMISSED**;
2. Plaintiff's claim for a violation of the First Amendment be **DISMISSED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file and serve written objections with the Court.  A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 28, 2013**           **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE