1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                    **EASTERN DISTRICT OF CALIFORNIA**

7

8   **LARCENIA TAYLOR,**                    **CASE NO. 1:12-CV-1931 AWI JLT**

9              **Plaintiff**                 **ORDER RE: MOTION TO DISMISS**

10        **v.**

11  **DR. REBECCA BLANK, Acting**
    **Secretary- United States Department of**
12  **Commerce**

13             **Defendant**

14                    **I. Background**[1]

15        Plaintiff Larcenia Taylor started working for the Bakersfield office of the Census Bureau

16  in July 2009.  Plaintiff was a temporary Partnership Assistant whose job was to participate in

17  community outreach to increase participation in the 2010 census.  Plaintiff worked with four other

18  Partnership Assistants; all of them were supervised by Daniel Romero, a Partnership Specialist.

19  Plaintiff is African American; Daniel Romero and the four other Partnership Assistants are

20  Hispanic Americans.  Plaintiff believes she was discriminated against because of her race as the

21  Hispanic American Partnership Assistants were given information on leads, promotional

22  materials, and permission to go to schools, things which were denied to Plaintiff.  Plaintiff brought

23  these issues up with Daniel Romero who was not responsive to her concerns and told her that if

24  she continued to bring up discrimination, he would fire her.

25        In February 2010, Plaintiff was contacted by Ray Johnson, a Partnership Specialist in the

26  Fresno office of the Census Bureau, who was seeking information on African-American churches.

27

28  _____
    [1] The background is used for context only in this motion to dismiss.  The narrative is largely derived from Plaintiff's
    allegations and are not facts determined to be true by the court.

1   Plaintiff sought the information from Daniel Romero who told Plaintiff that the information did

2   not exist.  When Plaintiff responded to Ray Johnson, he told her that Daniel Romero had sent him

3   the requested information.  Plaintiff then discussed her problems with Daniel Romero and the

4   Bakersfield office in general.  In March 2010, Plaintiff was transferred to the Fresno office.

5   Plaintiff resigned from her position in April 2010.

6           Through her time with the Census Bureau, Plaintiff had contacted various persons within

7   the Census Bureau hierarchy, complaining about Daniel Romero and other individuals who

8   discriminated against her.  She had also contacted officers of the Census Bureau's Equal

9   Employment Opportunity ("EEO") Office who handle allegations of employment discrimination.

10  In August 2010, Plaintiff attended a Census Bureau job fair; she encountered the individuals who

11  she complained about still employed by the Census Bureau.  Plaintiff then contacted the EEO and

12  filed a formal administrative complaint in September 2010.  The administrative complaint was

13  denied by Defendant Department of Commerce (within which the Census Bureau is situated) in

14  December 2010 on the basis that Plaintiff was untimely in contacting the EEO with her

15  complaints.  Plaintiff then sought review by the U.S. Equal Employment Opportunity Commission

16  ("EEOC").  On October 11, 2012 the EEOC issued a final decision affirming the earlier decision.

17          Plaintiff filed suit against Defendant in federal district court on November 28, 2012. Doc.

18  1.  Plaintiff is pro se, proceeding in forma pauperis.  Her complaint was screened and dismissed

19  with leave to amend. Doc. 3.  The operative complaint is the first amended complaint ("FAC").

20  Doc. 4.  The FAC was also screened.  Plaintiff's claims for violation of the First Amendment and

21  42 U.S.C. § 1981 were dismissed; Plaintiff was permitted to proceed on her Title VII employment

22  discrimination claim. Docs. 7 and 11.  Defendant filed a motion to dismiss for lack of subject

23  matter jurisdiction, arguing that Plaintiff's untimely contact with the EEO means her claim has not

24  been administratively exhausted. Doc. 17.  Plaintiff opposes the motion. Doc. 18.  The matter was

25  taken under submission without oral argument.

26

27                              **II. Legal Standards**

28          Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

1   plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A

2   dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

3   absence of sufficient facts alleged under a cognizable legal theory. <u>Conservation Force v. Salazar</u>,

4   646 F.3d 1240, 1242 (9th Cir. 2011); <u>Johnson v. Riverside Healthcare Sys.</u>, 534 F.3d 1116, 1121

5   (9th Cir. 2008).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are

6   taken as true and construed in the light most favorable to the non-moving party. <u>Faulkner v. ADT</u>

7   <u>Sec. Servs.</u>, 706 F.3d 1017, 1019 (9th Cir. 2013); <u>Johnson</u>, 534 F.3d at 1121.  However,

8   complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the

9   elements of action will not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Dichter-Mad Family</u>

10  <u>Partners. LLP v. United States</u>, 709 F.3d 749, 761 (9th Cir. 2013).  The Court is not required "to

11  accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

12  unreasonable inferences." <u>Wilson v. Hewlett-Packard Co.</u>, 668 F.3d 1136, 1145 n. 4 (9th Cir.

13  2012); <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).  To avoid a Rule

14  12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a

15  claim to relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678; <u>see Bell Atl. Corp. v.</u>

16  <u>Twombly</u>, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff

17  pleads factual content that allows the court draw the reasonable inference that the defendant is

18  liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678; <u>Dichter-Mad</u>, 709 F.3d at 761.

19  "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are

20  "merely consistent" with liability fall short of "plausibility." <u>Iqbal</u>, 556 U.S. at 678; <u>Li v. Kerry</u>,

21  710 F.3d 995, 999 (9th Cir. 2013). Complaints that offer no more than "labels and conclusions" or

22  "a formulaic recitation of the elements of action will not do." <u>Iqbal</u>, 556 U.S. at 678; <u>Dichter-Mad</u>,

23  709 F.3d at 761.  The Ninth Circuit has distilled the following principles from <u>Iqbal</u> and

24  <u>Twombly</u>: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim

25  may not simply recite the elements of a cause of action, but must contain sufficient allegations of

26  underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2)

27  the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such

28  that it is not unfair to require the opposing party to be subjected to the expense of discovery and

1    continued litigation. <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).  In assessing a motion to

2    dismiss, courts may consider documents attached to the complaint, documents incorporated by

3    reference in the complaint, or matters of judicial notice. <u>Dichter-Mad</u>, 709 F.3d at 761.  If a

4    motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to

5    amend the pleading was made." <u>Henry A. v. Willden</u>, 678 F.3d 991, 1005 (9th Cir. 2012).

6    However, leave to amend need not be granted if amendment would be futile or if the plaintiff has

7    failed to cure deficiencies despite repeated opportunities. <u>See</u> <u>Mueller v. Aulker</u>, 700 F.3d 1180,

8    1191 (9th Cir. 2012); <u>Telesaurus VPC. LLC v. Power</u>, 623 F.3d 998, 1003 (9th Cir. 2010).

9

10                                      **III. Discussion**

11          Defendant's sole argument is that "Plaintiff knew she had an obligation to contact an EEO

12   counselor within 45 days of the alleged discriminatory conduct but waited until more than 100

13   days after she left her federal employment, and approximately eight months after she was aware of

14   the claimed discriminatory conduct before complaining to the EEO counselor." Doc. 17-1,

15   Defendant Brief, 1:20-24.  "(1) An aggrieved person must initiate contact with a Counselor within

16   45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action,

17   within 45 days of the effective date of the action. (2) The agency or the Commission shall extend

18   the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she

19   was not notified of the time limits and was not otherwise aware of them, that he or she did not

20   know and reasonably should not have been known that the discriminatory matter or personnel

21   action occurred, that despite due diligence he or she was prevented by circumstances beyond his or

22   her control from contacting the counselor within the time limits, or for other reasons considered

23   sufficient by the agency or the Commission." 29 C.F.R. § 1614.105(a).

24          Defendant asserts the requirement to contact an EEO Counselor within 45 days is an issue

25   of subject matter jurisdiction; failure of a plaintiff to establish timely contact deprives the courts of

26   subject matter jurisdiction to hear a plaintiff's claim. Doc. 17-1, Defendant Brief, 5:12-7:28.

27   Older Ninth Circuit case law does state that "To establish federal subject matter jurisdiction,

28   [plaintiff] was required to exhaust her EEOC administrative remedies before seeking federal

                                            4

1  adjudication of her claims." <u>EEOC v. Farmer Bros. Co.</u>, 31 F.3d 891, 899 (9th Cir. 1994); see

2  <u>Sommatino v. United States</u>, 255 F.3d 704, 708 (9th Cir. 2001) ("In cases where a plaintiff has

3  never presented a discrimination complaint to the appropriate administrative authority, we have

4  held that the district court does not have subject matter jurisdiction").  Other Ninth Circuit

5  decisions have noted the imprecise use of the term "subject matter jurisdiction" and conflicting

6  case law on this issue: "There is a subtle distinction here worthy of note. We do not recognize

7  administrative exhaustion under Title VII as a *jurisdictional requirement* per se; we treat it as a

8  legal question under the de novo standard because the issue is whether the plaintiff has satisfied a

9  statutory precondition to suit. Some courts, however, have treated exhaustion as a jurisdictional

10 requirement." <u>Vinieratos v. United States</u>, 939 F.2d 762, 768 (9th Cir. 1991), emphasis in original

11 and citations omitted.  The U.S. Supreme Court shares <u>Vinieratos</u>'s concern in trying to

12 disentangle "the distinction between two sometimes confused or conflated concepts: federal-court

13 'subject-matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for

14 relief," establishing a new rule that "If the Legislature clearly states that a threshold limitation on a

15 statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and

16 will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on

17 coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."

18 <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 503 and 515-16 (2006), citations omitted.

19      Regarding the specific administrative exhaustion requirement (contact with EEO

20 Counselor within 45 days), the Ninth Circuit has recently stated, "although the regulatory pre-

21 filing exhaustion requirement at § 1614.105 'does not carry the full weight of statutory authority'

22 and *is not a jurisdictional prerequisite for suit in federal court*, we have consistently held that,

23 absent waiver, estoppel, or equitable tolling, 'failure to comply with this regulation [is]...fatal to a

24 federal employee's discrimination claim' in federal court." <u>Kraus v. Presidio Trust Facilities</u>

25 <u>Division/Residential Mgmt. Branch</u>, 572 F.3d 1039, 1043 (9th Cir. 2009), emphasis added and

26 quoting <u>Lyons v. England</u>, 307 F.3d 1092, 1105 (9th Cir. 2002).  "[T]he failure to timely exhaust

27 administrative remedies is not a jurisdictional prerequisite to a Title VII claim. Rather, this

28 shortcoming 'relates to the substantive adequacy' of Norris's complaint....The exhaustion

1   requirement is a condition of bringing a Title VII claim in court, but Title VII is not a statute in

2   which 'the Legislature clearly states that a threshold limitation on a statute's scope shall count as

3   jurisdictional.'" Norris v. Foxx, 2014 U.S. Dist. LEXIS 31431, *10 (W.D. Wash. 2014), quoting

4   Arbaugh v. Y & H Corp., 546 U.S. 500, 515 (2006).

5         Thus, Defendant's motion must be analyzed under Fed. Rule Civ. Proc. 12(b)(6), failure to

6   state a claim, and not Fed. Rule Civ. Proc. 12(b)(1), lack of subject matter jurisdiction.  In critical

7   part, the court will not consider the various declarations Defendant provides (Docs. 17-2, 17-3, 17-

8   4, and 17-5) as they are not properly subject to judicial notice.  Defendant does ask for judicial

9   notice of two decisions issued by the EEOC. Doc. 17-6.  The court takes judicial notice of the fact

10  that the EEOC denied Plaintiff's claims; the factual background and legal reasoning contained

11  within the two orders are not subject to judicial notice.  "Whether a plaintiff in a Title VII action

12  has timely exhausted her administrative remedies 'is an affirmative defense, [so] the defendant

13  bears the burden of pleading and proving it.'" Kraus v. Presidio Trust Facilities

14  Division/Residential Mgmt. Branch, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009), quoting Bowden v.

15  United States, 106 F.3d 433, 437 (D.C. Cir. 1997).  Additionally, there is the possible argument of

16  equitable tolling.  "[T]here are three principal, though not exclusive, situations in which equitable

17  tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the

18  plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented

19  from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights

20  mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380,

21  1387 (3rd Cir. 1994), citations omitted.

22        Plaintiff alleges that "61. The discrimination the Plaintiff endured on a daily basis working

23  for the Defendant, Department of Commerce or its supervisor personnel. The Plaintiff resigned on

24  April 2010. Plaintiff could not continue to work for the Defendants in a different position because

25  of the alleged discrimination, differential treatment she received fropm the Defendants supervisor

26  personnel, Daniel Romero, Reyna Olaguez in the Partnership Program." Doc. 4, FAC, 10:27-11:2.

27  Plaintiff describes generally actions she found to be discriminatory through her period of

28  employment with the Census Bureau (July 2009 to April 2010).  Plaintiff makes a number of

1   factual assertions in her complaint regarding contacting an EEO Counselor.  In discussing events

2   that took place from July through December 2009, Plaintiff stated generally, "All during this time

3   plaintiff had contacted and complained to Claudia Catota, EEO Specialist/Counselor with the

4   Census Department." Doc. 4, FAC, 3:8-10.  In reference to an incident in December 2009,

5   Plaintiff specifically said "she called Claudia Catota telling her all that was happening to her."

6   Doc. 4, FAC, 4:16-17.  After Plaintiff left Defendant's employ, Plaintiff attended a Census Office

7   job fair in August 2010 and soon thereafter, "called Claudia Catota, Census EEOC

8   specialist/counselor." Doc. 4, FAC, 6:9-10.  Additionally, Plaintiff claims that she had been

9   "writing letters to central director (John Flores) James Christy (Regional Director) Claudia Catota

10  (Census EEOC specialist/counselor)....56. Plaintiff sent John Flores a letter on April 30, 2010.

11  Plaintiff told Flores about the discrimination and the fact that Daniel Romero said, Flores told him

12  to handle the problem. 57. Plaintiff sent James Christy a letter on May 15, 2010 regarding the

13  discrimination and institutional racism being practiced in the census." Doc. 4, FAC, 6:23-25 and

14  10:11-14.

15      Plaintiff alleges Claudia Catota is the EEO Counselor.  The positions of John Flores and

16  James Christy are unclear but contact with them might also satisfy the 45 day contact requirement:

17  "The EEOC has long and consistently adhered to an interpretation of 29 C.F.R. § 1614.105 that 'a

18  complainant may satisfy the criterion of EEO Counselor contact by initiating contact with any

19  agency official logically connected with the EEO process, even if that official is not an EEO

20  Counselor, and by exhibiting an intent to begin the EEO process.' EEOC Management Directive

21  110, at ch. 2, § I.A n.1.... In fact, even contact with certain agency officials who are not EEO

22  personnel has been held sufficient to satisfy the regulation's 'contact with a Counselor'

23  requirement, provided they are found to be 'logically connected to the EEO process' within the

24  agency. See, e.g., Duke v. Slater, EEOC Dec. 01A02129, 2000 EEOPUB LEXIS 3424, 2000 WL

25  732027, at *1 (EEOC May 22, 2000) (holding that a letter sent to the Regional Director of the

26  Department of Transportation's Office of Civil Rights qualified as initiating contact)." Kraus v.

27  Presidio Trust Facilities Division/Residential Mgmt. Branch, 572 F.3d 1039, 1044-45 (9th Cir.

28  2009); see Culpepper v. Schafer, 548 F.3d 1119, 1123 (8th Cir. 2008) ("the director of an agency's

1   office of civil rights is logically connected with the EEO process").  Whether John Flores and

2   James Christy are sufficiently connected with the EEO process to satisfy exhaustion under 29

3   C.F.R. § 1614.105 requires further development.  At this point, Plaintiff has alleged contact in

4   2009 (which may be fairly read at this stage to cover the events of July to December 2009) and

5   contact in April and May 2010 (which covers her resignation in April 2010).  Plaintiff has

6   sufficiently pled facts to satisfy this step of administrative exhaustion at this early stage of the

7   litigation.

8            Insofar as Defendant wishes to raise a different administrative exhaustion requirement (e.g.

9   Plaintiff did not file a formal EEO complaint within 15 days of a notice of right to file letter), the

10  issue is not fully argued in this motion.  Further, these matters might be better resolved through an

11  early motion for summary judgment rather than a motion to dismiss.

12

13                                          **IV. Order**

14           Defendant's motion to dismiss is DENIED.  Defendant is ordered to file an answer within

15  thirty (30) days of the filing of this order.

16

17  IT IS SO ORDERED.

18  Dated:   April 16, 2014          _____

19                                    SENIOR  DISTRICT  JUDGE

20

21

22

23

24

25

26

27

28