UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARCENIA TAYLOR, <br><br>  Plaintiff <br><br> v. <br><br> PENNY PRITZKER, Secretary of the United States Department of Commerce <br><br> Defendant | CASE NO. 1:12-CV-1931 AWI JLT <br><br> ORDER RE: OBJECTIONS TO BILL OF COSTS <br><br><br> (Doc. 72) |

**I. Background**

Plaintiff Larcenia Taylor started working for the Bakersfield office of the Census Bureau in July 2009. Plaintiff was a temporary Partnership Assistant whose job was to participate in community outreach to increase participation in the 2010 census. Plaintiff worked with four other Partnership Assistants; all of them were supervised by Daniel Romero, a Partnership Specialist. Plaintiff is African American; Daniel Romero and the four other Partnership Assistants are Hispanic Americans. Plaintiff believes she was discriminated against because of her race as the Hispanic American Partnership Assistants were given information on leads, promotional materials, and permission to go to schools, things which were denied to Plaintiff. In March 2010, Plaintiff was transferred to the Fresno office. Plaintiff resigned from her position in April 2010.

Through her time with the Census Bureau, Plaintiff had contacted various persons within the Census Bureau hierarchy and the Equal Employment Opportunity Office, complaining about Daniel Romero and other individuals who allegedly discriminated against her. Plaintiff filed suit against Defendant Secretary of the U.S. Department of Commerce for employment discrimination.

Summary judgment was granted in favor of Defendant as Plaintiff did not timely file the formal complaints necessary to exhaust the administrative requirements for suing a federal government agency.

Defendant then submitted a bill of costs. Doc. 71.  Before the costs were taxed, Plaintiff filed objections. Docs. 72 and 73.  Costs were taxed in the amount of $1,877.45 Doc. 74.

## II. Legal Standards

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. Proc. 54(d)(1).  The rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247 (9th Cir. 2014), quoting Ass'n of Mexican-American Educ. v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000).  If a district court exercises its discretion to deny costs it must specify its reasons. Ass'n of Mexican-American Educ. v. State of Cal., 231 F.3d 572, 591-92 (9th Cir. 2000). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014).

## III. Discussion

In this case, Plaintiff filed objections to Defendant's bill of costs before they were actually taxed.  A motion to contest costs "filed after judgment was entered awarding costs generally to Defendants but before costs were actually taxed" may be considered timely. Washington v. Verizon Communs., Inc., 2012 U.S. Dist. LEXIS 82489, *2 (M.D. Ga. June 14, 2012).  Plaintiff's objections will be considered on the merits.

Regarding the five factors described in Escriba, the first two do not give strong support for denying costs.  Plaintiff's claim was a fairly typical employment discrimination case.  While it is a significant public policy goal to enforce antidiscrimination laws, a typical case does not rise to the

1  highest level of public importance. See <u>Hunt v. City of Portland</u>, 2011 U.S. Dist. LEXIS 89744,
2  \*14-15 (D. Or. Aug. 10, 2011) ("The cases upon which Hunt relies involved facts and issues of
3  greater magnitude and scope than those her lawsuit raised. Hunt's primary allegations were gender
4  discrimination, retaliation, and whistleblower violations, allegations found in a significant
5  percentage of employment lawsuits. The relief she requested also was similar, as she sought to
6  benefit herself primarily, and had she received the relief she requested, its impact would have been
7  limited to her....Hunt's lawsuit raised meaningful issues but not issues of 'gravest public
8  importance' when her case is measured against the cases she cites and the context of employment
9  discrimination cases as a whole").  Substantively on the merits, this case was not close.  Plaintiff
10 was not able to demonstrate that she exhausted her administrative remedies.

11      The last three factors are interrelated and work in Plaintiff's favor.  The main thrust of
12 Plaintiff's argument is that costs should be waived in this case due to the potential chilling effect
13 on future civil rights suits and her indigent status. Doc. 72, 1:21-24.  The prevailing party is the
14 United States government, a deep-pocketed entity.  Plainly, "virtually any litigant will suffer an
15 economic disparity when compared to the federal government." <u>Conservation Cong. v. United</u>
16 <u>States Forest Serv.</u>, 2015 U.S. Dist. LEXIS 109769, \*6 (N.D. Cal. Aug. 19, 2015).  Defendant's
17 access to the courts would not be practically impaired in any way by a denial of costs.  "District
18 courts should consider the financial resources of the plaintiff and the amount of costs in civil
19 rights cases....Indigency is a factor that the district court may properly consider in deciding
20 whether to award costs." <u>Stanley v. University of S. California</u>, 178 F.3d 1069, 1079 (9th Cir.
21 1999).  Plaintiff has the burden of demonstrating her indigency. <u>Washburn v. Fagan</u>, 2008 WL
22 361048, \*2, n.4 (N.D. Cal. 2008), citing <u>Terry v. Allstate Ins. Co.</u>, 2007 WL 3231716, \*5 (E.D.
23 Cal. 2007).

24      Plaintiff stated in her request for in forma pauperis status that her only income was social
25 security payments in the amount of $844 per month (for which she provided documentation from
26 the Social Security Administration) while contributing to the support of her adult son who is
27 disabled. Doc. 2.  Additionally, she owned a home with an underwater mortgage and an old car
28 worth $2,200. Doc. 2.  The $1,877.45 in taxed costs might be considered objectively to be a small

amount of money. See <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 946 (9th Cir. 2003) ("this relatively small sum--$ 5,310.55--would not 'chill' future civil rights litigation").  However, the dollar amount must be considered in the context of Plaintiff's financial resources. <u>Escriba v. Foster Poultry Farms, Inc.</u>, 743 F.3d 1236, 1249 (9th Cir. 2014) ("Although the costs sought...might be considered modest when compared to amounts sought in other, larger cases, even modest costs can discourage potential plaintiffs who...earn low wages").  In cases involving plaintiffs with similar financial circumstances arising in the Eastern District of California, the costs were waived. See <u>Tater-Alexander v. Amerjan</u>, 2011 U.S. Dist. LEXIS 52603, *4 (E.D. Cal. May 3, 2011) (waived costs of $3,628.65 where party received only $870 per month in social security disability payment plus $10-$40 in freelance work); <u>Rivera v. Nibco, Inc.</u>, 701 F. Supp. 2d 1135, 1145 (E.D. Cal. 2010) (waived costs of approximately $3,600 per-plaintiff when each plaintiff's annual income was about $25,000 or less).  Costs have been imposed when necessary to deter frivolous suits. See <u>Gibbs v. Kaplan College</u>, 2015 U.S. Dist. LEXIS 94928, *8-9 (E.D. Cal. July 20, 2015) (awarding $3,844.89 against a single father of two whose only income was a government disability benefit due in part to a determination that the plaintiff's case was "absent of merit, yet filled with misrepresentations" and constituted a "spurious lawsuit[]").  There are no such special circumstances here.  Given Plaintiff's limited financial means, lack of impact denial of costs would have on Defendant's ability to litigate, and to avoid any potential chilling effect, the costs in this case should be waived.

### IV. Order

Plaintiff's objection to the bill of costs is GRANTED.  Defendant shall not recover costs in this case.

IT IS SO ORDERED.

Dated:   July 8, 2016                               _____
                                                             SENIOR DISTRICT JUDGE